FILED
2018 JUL 25 P 1:40
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

FILED
2018 JUL 26 A 8:56
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

In the
United States Bankruptcy Court
For the Eastern District of Virginia
Alexandria Division

--------

In re:  Elizabeth H. Coomes,                :        Case No: 17-13497-BFK
        Debtor                              :        Chapter 13
                                            :

## DEBTOR'S MOTION FOR A CONTINUANCE

COMES NOW the Debtor in this her Motion for a Continuance. In support thereof, Debtor states:

1. Debtor is a lay person who recently lost her counsel unexpectedly last week.

2. Debtor has numerous health problems that are covered by the ADA. Among them, she suffers from a rare condition called gastroparesis, a paralysis of the stomach muscles. This condition causes persistent nausea, abdominal pain, bloating, and alternates between chronic constipation or diahrea. It can also cause vomiting. There is no cure for it. It can progress to patients needing a feeding tube or a stomach removal. Debtor's case was diagnosed in late 2015 but became significantly worse in late 2017 after the filing, prompting in part her return to Mayo Clinic then. There is only one drug on the market for it, but it has dangerous side effects and is almost worse than the disease, so it was not prescribed to Debtor. Debtor's physicians determined the gastroparesis is apparently causing Debtor's repeated diverticulitis attacks, the last of which was in late February 2018 and finally healed after 3 rounds of treatment. These attacks are life threatening, and in March 2016 an attack resulted in her large intestine rupturing. It became imperative to try to find the underlying cause(s) of Debtor's gastroparesis. At her last visit to Mayo Clinic in April 2018, Dr. Jean Fox diagnosed two of the underlying causes of her gastroparesis: dyssenergia/pelvic floor dysfunction (an evacuation disorder) and another condition resulting from dysfunction of the autonomic nervous system.

3. Nathan Fisher sent the Trustee the attached email dated April 6, 2018 summarizing

Debtor's condition. Dr. Fox recommended Debtor undergo a two week Mayo Clinic treatment program for the dyssenergia and followup with Mayo Clinic neurology for additional testing. In April 2018, Debtor verified the treatment is a covered benefit of her insurance. She later obtained a determination of medical necessity and the treatment was scheduled for 2 weeks in June. Mayo Clinic subsequently changed her treatment schedule to July 30 – August 10, 2018*. See attached clinical note by Dr. Fox dated April 19, 2018, letter from Mayo Clinic dated April 11, 2018 and Debtor's Mayo Clinic Patient Appointment Schedule dated June 20, 2018.

4. Debtor has recently been experiencing significant worsening of her gastrointestinal condition and the GI symptoms usually associated with an impending attack of diverticulitis. Her large intestine was recently weakened (at the juncture where her colon was resected in 2016) by the prolonged diverticulitis attack starting in late February 2018. She is also having spasms of the colon, which is further weakening the large intestine and lending itself to a risk of another rupture of her large intestine (a rupture has a very high mortality rate). She cannot hold off on getting the recommended treatment.

5. Debtor has also been recently treated by Mayo Clinic physicians for a pre-cancerous gynecological condition: endometrial hyperplasia with atypia. This was diagnosed on March 22, 2018. In 47-67% of the cases, co-existing cancer is already present. Debtor began treatment at Mayo Clinic on April 12, 2018. See Mayo Clinic clinical note by Dr. Green dated April 12, 2018. Debtor has been having side effects suggestive the treatment is failing. Debtor's physicians recommend a repeat hysteroscopy procedure and biopsy to determine if the condition has regressed or progressed to cancer. If cancerous, Debtor will require major surgery.

6. Debtor anticipates being at Mayo Clinic until August 13 and flying home August 14 (assuming the neurologic and gynecological appointments are moved to August 13). She may be gone a little longer.

7. Unfortunately Debtor cannot postpone her treatment because a postponement could cost her her life. Furthermore, Debtor and her husband are planning to get divorced soon. She is on his medical insurance plan now and has met the annual max out of pocket. The $7,500 two week dyssenergia treatment, gynecology procedure and biopsy and neurology visit and testing if done now will be covered at 100% (a total of approx. $14,000 with no out of pocket

expense for Debtor) on the current plan if she gets it while she is still on his plan. Also, Debtor will not be able to spend two weeks at Mayo Clinic for treatment when the paralegal program semester begins in late August.

8. Debtor had anticipated having counsel argue the motion on August 9 when she arranged to return to Mayo Clinic. She unexpectedly lost counsel last week. She also needs adequate time to prepare for court, finish the legal memorandum on the motion to enforce the automatic stay, and obtain some legal help to argue the motion.

9. Debtor makes this request for a continuance pursuant to the ADA.

10. Debtor would be severely prejudiced if the Court were to hear the motions on August 9.

WHEREFORE, for good cause shown Debtor respectfully requests a reasonable continuance of the matters set for August 9, 2018.

RESPECTFULLY SUBMITTED,

*/s/ Elizabeth H. Coomes*
ELIZABETH H. COOMES

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July 2018 I caused a copy of the foregoing paper to be served, by first class mail, postage prepaid or ECF upon:

Thomas Gorman
Chapter 13 Trustee
300 N. Washington St.
Suite 400
Alexandria, VA 22314
Phone: (703) 836-2226

United States Trustee
115 S. Union Street
Suite 210
Alexandria, VA 22314

*/s/ Elizabeth H. Coomes*
Elizabeth H. Coomes

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
___Alexandria___ Division

In re: Elizabeth H. Carnes

Case No. 17-13497-BFK
Chapter 13

Debtor(s)

Plaintiff(s)

Adversary Proceeding No.

v.

Defendant(s)

CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title: Debtor's motion for Continuance
Date Document Filed: 7/25/18
Docket Entry No. SMC

I declare under penalty of perjury that (Check one box):

☒ No attorney has prepared or assisted in the preparation of this document
☐ The following attorney prepared or assisted in the preparation of this document.

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

Elizabeth H. Carnes
Name of Pro Se Party (Print or Type)    Name of Pro Se Party (Print or Type)

Elizabeth H. Carnes
Signature of Pro Se Party    Signature of Pro Se Party

Executed on: 7/25/18 (Date)

[2090cdva v.01 09/17]