**UNITED STATES BANKRUPTCY COURT**

**FOR THE**

**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

In the Matter of:

ELIZABETH H. COOMES

        Debtor

Chapter 13

Case No. 17-13497-BFK

### TRUSTEE'S OBJECTION TO AND MOTION TO QUASH NOTICE(S) OF DEPOSITION ISSUED BY DEBTOR

Thomas P. Gorman, Standing Chapter 13 Trustee, moves for entry of an Order quashing purported Notices of depositions issued by Debtor on September 27, 2018, and states in support thereof the following:

1. This case presently stands as dismissed by virtue of this Court's Order Granting Trustee's Motion to Dismiss with Prejudice entered July 10, 2018, subject only to Debtor's Motion to Reconsider filed July 20, 2018. That Motion to Reconsider is scheduled for hearing on October 4, 2018.

2. On September 27, 2018 Debtor e-mailed to Trustee a Notice of Deposition setting forth Debtor's intent or desire to take Trustee's deposition on October 1, 2018 in Fairfax, Virginia. She also sent Notices of her intent to depose Trustee's staff attorney, Marcelo Michel; Joseph A. Guzinski, Assistant U.S. Trustee; Nathan Fisher, Debtor's former counsel; and Lois Upton, whose involvement with this case of Debtor is unknown, at the same date and time as Trustee's. The Notices also demanded production of documents, and Debtor's e-mail to Trustee which accompanied them stated "more deposition notices are also forthcoming". Copies of Debtor's three e-mails to Trustee with the Notices are attached hereto.

3. These Notices do not yet appear on the Court's docket, and to Trustee's knowledge no subpoenas have been issued or served on the third party deponents nor any mileage fees tendered in conjunction with those Notices, but Trustee is in receipt of them and, rather than ignoring them files this Objection to their issuance and respectfully requests that the Court enter an Order quashing Debtor's efforts at post-dismissal discovery.

4. Even if discovery were proper at this point in this case, the depositions have not been adequately noticed. Local Rule 7030-1(G) provides that "[a]s a general rule, 7 days in advance of the contemplated taking of a deposition shall constitute reasonable notice…". Debtor has only given four days' notice.

**Trustee's Objection To And Motion To Quash Notice(S) Of Deposition Issued By Debtor**
Elizabeth H. Coomes
Case # 17-13497-BFK

5. However, discovery is *not* proper at this point. Trial has been conducted and concluded, the Court has made its findings of fact and conclusions of law. The only matter pending before this Court is Debtor's post-trial Motion to reconsider the Court's Order of dismissal. There is presently no adversary proceeding or contested matter at which evidence might be adduced or introduced, and therefore Debtor's discovery efforts are not reasonably calculated to lead to admissible evidence. Furthermore, the document requests are overly broad and largely irrelevant to this case, whether or not it stands as dismissed.

WHEREFORE, Trustee prays that the Court enter an Order quashing any purported Notices of Deposition issued by Debtor, and for such other and further relief as the Court deems appropriate.

Date: __September 27, 2018_____        __/s/ Thomas P. Gorman_____
                                            Thomas P. Gorman
                                            Chapter 13 Trustee
                                            300 N. Washington Street, Ste 400
                                            Alexandria, VA 22314
                                            (703) 836-2226
                                            VSB 26421

CERTIFICATE OF SERVICE

I hereby certify that I have this 27th day of September, 2018, mailed a true copy of the foregoing Objection to and Motion to Quash Notice(s) of Deposition Issued By Debtor to the following parties.

Elizabeth H. Coomes
Chapter 13 Debtor
7406 Carmine Street
Annandale, VA 22003

                                            __/s/ Thomas P. Gorman_____
                                            Thomas P. Gorman