**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

*In re*: **ELIZABETH H. COOMES**                 :
       **Debtor**                                                  :    **Case No.: 17-13497-BFK**
                                                                        :    **Chapter 13**
_____  :

**NOTICE OF MOTION AND HEARING**

The Maryland Insurance Administration, by counsel, has filed an Objection and Motion for Protective Order and Points and Authorities in Support of Same pertaining to Debtor, Elizabeth Coomes's ("Coomes") Requests for Admissions.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in motion [objection], or if you want the court to consider yours views on the motion [objection], then within fourteen (14) days from the date of service of this motion [objection], you or your attorney must:

  X    File with the court, at the address shown below, a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H). **Unless a written response and supporting memorandum are filed and served by the date specified, the court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.** If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the expiration of the fourteen (14) day period.

The address of the clerk's office is:

        Clerk of Court
        United States Bankruptcy Court
        200 S. Washington Street
        Alexandria, Virginia 22314

You must **also** send a copy to the persons listed below.

  X    Attend the hearing scheduled to be held on November 1, 2018 at 1:30 p.m. in Courtroom 1, United States Bankruptcy Court, 200 S. Washington Street, Alexandria, Virginia 22314. **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

A copy of any written response must be sent to:

Ioannis Laskaris
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, Suite 2700
Baltimore, Maryland 21202

Thomas P. Gorman, Esquire
Chapter 13 Trustee
300 N. Washington Street, Ste. 400
Alexandria, Virginia 22314

Joseph A. Guzinski
Assistant United States Trustee
Office of the United States Trustee
1725 Duke St., Ste. 650
Alexandria, Virginia 22314

Marcelo R. Michel, Esq.
Office of the Chapter 13 Trustee
300 N. Washington Street, Ste. 400
Alexandria, VA 22314

United States Trustee, Region 4
115 S. Union Street, Suite 210
Alexandria, Virginia 22314

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: October 4, 2018

/s/
IOANNIS LASKARIS
Assistant Attorney General
Maryland Insurance Administration
200 St. Paul Place, Suite 2700
Baltimore, Maryland 21202
(410) 468-2017 (Phone)
(410) 468-2086 (Fax)
*Attorney for Maryland Insurance Administration*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 4th day of October, 2018, electronically transmitted and/or mailed by first-class mail, postage prepaid, a true copy of the foregoing Notice of Motion and Hearing regarding the Maryland Insurance Administration's Objection and Motion for Protective Order and Points and Authorities in Support of Same, to the following:

Thomas P. Gorman
Chapter 13 Trustee
300 N. Washington St., Ste. 400
Alexandria, Virginia 22314

Elizabeth H. Coomes
7406 Carmine Street
Annandale, Virginia 22003

| | |
|---|---|
| Marcelo R. Michel, Esq.<br>Office of the Chapter 13 Trustee<br>300 N. Washington St., Ste. 400<br>Alexandria, Virginia 22314 | Elizabeth H. Coomes<br>800 Lancaster Avenue<br>VU Box No.: 3636<br>Villanova, Pennsylvania 19085 |

Joseph A. Guzinski, Esq.
Assistant United States Trustee
Office of the United States Trustee
1725 Duke St., Ste. 650

and it was also emailed to Elizabeth Coomes at the following email addresses:

e*******@yahoo.com and
l********@yahoo.com

                                                         /s/
                                       IOANNIS LASKARIS

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| *In re*: **ELIZABETH H. COOMES** : | |
|       Debtor : | **Case No.: 17-13497-BFK** |
| : | **Chapter 13** |
| _____ : | |

### MARYLAND INSURANCE ADMINISTRATION'S OBJECTION AND MOTION FOR PROTECTIVE ORDER AND POINTS AND AUTHORITIES IN SUPPORT OF SAME

The Maryland Insurance Administration ("Administration"), by its attorneys, pursuant to Rule 26(c) of the Federal Rule of Civil Procedure, hereby files this Motion for a Protective Order in response to Debtor, Elizabeth Coomes's ("Coomes") discovery requests. In support, the Administration states:

### BACKGROUND

1.  The Administration's limited involvement in this case began when it was served by Coomes's former counsel with a Motion to Enforce Automatic Stay Against the Maryland Insurance Administration. *See ECM # 80*. On June 20, 2018, the Administration filed an opposition to the Motion to Enforce. *See ECM # 90*.

2.  Prior to the filing of Coomes's Motion to Enforce, and since the filing of the Motion to Enforce, neither Coomes nor the Standing Chapter 13 Trustee served pleadings on the Administration. *See ECM #s 154 and 173*. Moreover, the Court has also not served the Administration with orders and hearing notices unrelated to the Motion to Enforce Automatic Stay. See ECM # 79. However, by virtue of filing the Opposition to the Motion to Enforce, undersigned counsel now receives all electronically filed documents.

3.  On July 10, 2018, this Court dismissed with prejudice Coomes's bankruptcy petition. *See ECM # 98.*

4.     Nevertheless, on September 21, 2018 and September 27, 2018, respectively, Coomes filed "Debtor's First Request for Admissions" and "Debtor's Second Request for Admissions" pursuant to Rule 36. *See Exhibits 1 and 2.*

5.     On October 2, 2018, the Administration wrote to Coomes asking that she withdraw the discovery requests. *See Exhibit 3*. Those grounds are incorporated herein by reference. Undersigned counsel hereby certifies that he has in good faith conferred with Coomes in an effort to resolve this dispute without Court action.

6.     The Administration requested that Ms. Coomes voluntarily withdraw the discovery requests to avoid the need for filing this motion. Although she responded, Coomes refuses to withdraw the Requests for Admissions. *See Exhibits 4 and 5.*

**ARGUMENT**

7.     The Administration is not a party in this matter. In fact, the Administration's limited involvement in this case stems only from Coomes's Motion to Enforce Automatic Stay Against the Maryland Insurance Administration, which was served upon the Administration by Coomes's former counsel. The Administration filed an opposition to Coomes's Motion to Enforce. On September 28, 2018, the Court denied Coomes's Motion to Enforce. *See ECM # 161*. As a non-party, Coomes's Requests for Admissions are not appropriate. *See* Rule 36 ("A party may serve on any other party a written request to admit . . . .")

8.     Coomes erroneously relies on the Administration's designation—"interested party"—to support her argument that requests for admissions are property. However, Coomes overlooks the fact that she has not treated the Administration as a party, as evidence by her failure to serve it with notices and motions. A cursory review of the pleadings in this case underscores this point. Prior to the filing of the Motion to Enforce the Automatic Stay, neither

Coomes nor the Standing Chapter 13 Trustee served the Administration with any pleadings. It appears that Coomes herself does not consider the Administration a party, as evidenced by her failure to serve the Administration with a copy of her "Supplement to Debtor's Opposition to Ch. 13 Trustee's Motion to Quash and Opposition to US Trustee's Motion for Protective Order and Motion for Expedited Hearing." *See ECF # 173*, Certificate of Service.

9.      Moreover, the Court has not notified the Administration of any hearings prior to the Administration's involvement in the case related to the Motion to Enforce the Automatic Stay. Nor should it have. The Administration has no position with respect to the remaining issues in the case, namely Ms. Coomes's Motion to Reconsider the Dismissal and her Motion to Transfer Venue. Simply put, the Administration has no interest in whether or not there is a confirmed plan. Likewise, the Administration takes no position on whether venue should be transferred to Pennsylvania. Moreover, it appears that Coomes failed to list the Administration as a creditor in her initial filings and the Trustee has declined to administer Coomes's revoked Maryland insurance producer license as part of the bankruptcy estate.

10.     Interestingly, Coomes takes the position that "The MD Insurance Administration is a party. It is listed as a party in the court docket (an interested party)." *Exhibit 4*. However, she takes the opposite approach with respect to Thomas P. Gorman, Standing Chapter 13 Trustee, who is listed in the court docket. Specifically, in "Debtor's Motion to Reconsider Court's Order Dated August 30, 2018 and Supplement to Motion to Reconsider Order Dismissing Case With Prejudice," Coomes argues that Mr. Gorman "is neither a party in interest nor the US Trustee" and "[t]he standing Chapter 13 Trustee lacked statutory authority and lacked standing to move to dismiss Debtor's case . . . ." *ECM # 145* at 2. Coomes cannot have it both ways.

11.     It would be fundamentally unfair to treat the Administration like a non-party for all purposes except Coomes's Requests for Admissions.

12.     Even if Coomes were able to convince the Court that the Administration is a party, the Requests for Admissions are nevertheless improper.  The time for conducting discovery is when the case is pending, not after the case has been dismissed with prejudice.  Moreover, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."  Upon information and belief, no such conference has occurred.  At the very least, the Administration was not invited to participate in such a conference, further underscoring its status as a non-party.

13.     It is evident that Coomes is operating under the belief that the instant she files a motion to reconsider an order, she need not obey the order.  *See Exhibit 4* at 1 ("The Motion [to Enforce Automatic Stay] is still pending as there is a pending Motion to Reconsider the 9/18/18 Order and I intend to file a[nother] Motion to Reconsider . . . .").  Not so.  Until such time as her motions for reconsideration are granted, it is as though no motions had been filed at all.  *See Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F.Supp 1429, 1441 (D.Del.1989); *see also Arriaga v. City of New York*, No. 06 CIV. 2362PKCHBP, 2007 WL 582813, at *1 n. 1 (S.D.N.Y. Feb.23, 2007) (stating that "it is self-evident that a request for relief, without more, cannot operate to grant the relief sought.")

14.     The Requests for Admissions have no bearing on the limited issues and motions pending in this case.  For example, Coomes's seeks an admission of the following:

> On or about May 8, 2014, Respondent through Counsel wrote to Debtor by email, "A surrender of your license does not constitute an adverse administrative action by the Commissioner."  A true copy of the aforesaid email is attached.

*Exhibit 1*, ¶ 7.

Setting aside the fact that Coomes failed to provide a copy of the pertinent email, this request has nothing to do with whether her bankruptcy case should be dismissed or whether her case should be transferred to Pennsylvania. Rather, her requests seek to litigate issues of fact and law that were already decided against her. Coomes underscores this point in her email to October 3, 2018 email to the Trustees, where she writes:

> You've seen the requests for admissions propounded upon the MD Insurance Administration; I filed a copy with the Court (but just in case you have not reviewed them, they are attached). They are germane. If they answer the questions I propounded, it will prove prosecutorial misconduct and their "expert" witness lied. *This is grounds to void the revocation*.

*Exhibit 6* (emphasis added).

15.  Coomes and her counsel at the time chose to not call certain witnesses at the evidentiary hearing before the Maryland Insurance Commissioner ("Commissioner"). This Court is not the proper forum to void a state license regulatory action. This Court should reject Coomes's attempt to collaterally challenge the Commissioner's order against her.

16.  Despite the Court's October 1, 2018 Order limiting discovery, Coomes persists in her desire to obtain discovery from the Administration. In light of the Court's recent orders limiting discovery, the Administration respectfully asks the Court in include Requests for Admissions to the list of discovery that is stayed until further order of this Court.

WHEREFORE, the Administration respectfully requests that the Court enter an order finding that the Administration is not a party subject to Requests for Admissions and protecting the Administration from further efforts at discovery absent further order of this Court. The Administration also asks for such other relief that the Court determines is fair and just.

                Respectfully submitted,

                BRIAN E. FROSH
                Attorney General of Maryland

/s/
IOANNIS LASKARIS
Assistant Attorney General
Maryland Insurance Administration
200 St. Paul Place, Ste. 2700
Baltimore, MD 21202
(410) 468-2017 (Phone)
(410) 468-2086 (Fax)
*Attorney for Maryland Insurance Administration*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2018, a copy of the Maryland Insurance Administration's Objection and Motion for Protective Order and Points and Authorities in Support of Same was electronically filed and also served by first-class mail, postage prepaid, on the following:

| | |
|---|---|
| Thomas P. Gorman<br>Chapter 13 Trustee<br>300 N. Washington St., Ste. 400<br>Alexandria, Virginia 22314 | Elizabeth H. Coomes<br>7406 Carmine Street<br>Annandale, Virginia 22003 |
| Marcelo R. Michel, Esq.<br>Office of the Chapter 13 Trustee<br>300 N. Washington St., Ste. 400<br>Alexandria, Virginia 22314 | Elizabeth H. Coomes<br>800 Lancaster Avenue<br>VU Box No.: 3636<br>Villanova, Pennsylvania 19085 |
| Joseph A. Guzinski, Esq.<br>Assistant United States Trustee<br>Office of the United States Trustee<br>1725 Duke St., Ste. 650 | |

and it was also emailed to Elizabeth Coomes at the following email addresses:

e*******@yahoo.com and
l********@yahoo.com

/s/
IOANNIS LASKARIS