# In the
# United States Bankruptcy Court
# For the Eastern District of Virginia
# Alexandria Division

------------------------------------------

In re:  Elizabeth H. Coomes,  :  Case No: 17-13497-BFK
      Debtor  :  Chapter 13
        :

## OBJECTION TO PROOF OF CLAIM

COMES NOW the Debtor, in this her Objection to Bank of New York Mellon's Proof of Claim. Neither Bank of NY Mellon nor their agents or representatives had standing to file a proof of claim and the claim is erroneous. In support thereof, she states:

1. Debtor purchased the subject property located at 210 Cornwall Street NW Leesburg, VA 20176 on February 22, 2006.

2. On October 16, 2017, Debtor filed a voluntary chapter 13 bankruptcy petition in the Eastern District of Virginia, Alexandria division: case no.17-13497-BFK. She listed Bank of NY Mellon as a disputed creditor.

3. On March 5, 2018, Bank of NY Mellon's agent filed a claim in her bankruptcy case alleging a balance of over $610,000, with over $142,000 in arrears.

4. On June 27, 2018, Bank of NY Mellon filed a Motion for Relief from the Automatic Stay.

5. Debtor opposed the Motion for Relief from the Automatic Stay.

6. On July 10, 2018, defendant's bankruptcy case was dismissed with prejudice.

7. This Court later denied the Motion for Relief from the Automatic Stay as it was moot.

8. On October 24, 2018, Bank of NY Mellon conducted a foreclosure sale on Defendant's property known as 210 Cornwall Street NW Leesburg, VA 20176.

9. After the foreclosure, Bank of NY Mellon filed a 1098 form with the IRS stating the balance was actually $509,000.

### The Mortgage Loan

10. The originator of the mortgage loan at issue is David Small. On February 22, 2006, Debtor borrowed $439,900 from David Small to purchase the property. Small, an executive of Continental Mortgage Company, a Virginia corporation, was the original lender and trustee.

11. Several days before closing on the house, agents for the original lender attempted to renege on the agreed upon mortgage loan to force the Debtor into an ugly sub-prime variable rate loan with negative amortization and a three year hard pre-payment penalty of nearly $20,000 (the pre-payment penalty would effectively preclude a refinance in the first 3 years). The original lender falsely alleged Debtor had been 30 days late on her Basye, Virginia property mortgage as the basis for trying to change her loan terms before settlement. Debtor refused this proposed change both orally and in writing. Her mortgage payment history on her Basye property was perfect; she supplied a copy of her credit report and payment history to prove this. The lender backed down and Debtor went to settlement on February 22, 2006.

12. On or about February 22, 2006, the original lender David Small purportedly assigned the note to MERS. Small recorded the assignment in the land records of Loudoun County, Virginia.

13. Assignments to and from MERS are void. MERS admits this and there is authority on this question.

14. The deed of trust does not contain the standard language found in most mortgages allowing MERS to act as nominee for the lender.

15. The original note is lost.

16. There has been a break in the chain of title and the assignment(s) relied upon are void. There is no documentation provided in the Proof of Claim proving a complete chain of title from Small to Bank of NY Mellon.

17. The creditor must prove that it is the rightful owner and holder of both the Note and the Mortgage and has failed to meet this burden.

18. There was no writing filed with the Proof of Claim demonstrating the bank's interest in the property securing such claim in violation of B.R. 3001(c).

19. The Proof of Claim is signed by "Lawrence J. Buckley, as Creditor's Authorized agent" without providing any supporting documentation to suggest his authorization to do so, in violation of B.R. 3001(b) and the plain language instructions as printed on Official Form 10.

20. Bank of NY Mellon alleges that it is the Trustee for the Certificateholders of a securitized Trust, Asset-Backed Certificates. However, Bank of NY Mellon failed to attach to the Proof of Claim any documentation whatsoever proving

that Bank of NY Mellon became the Trustee in accordance with the terms of the Trust.

21. Bank of NY Mellon is a stranger to the note because they do not possess the original note. Moreover, Bank of NY Mellon and the substitute trustee rely upon 1) a void assignment to MERS 2) un-dated allonges that were never recorded and are not attached to the original note, and 3) the purported copy of the original note is not a true and accurate copy of the original note. A cursory inspection of the purported note clearly shows 3 very different looking signatures purported to be Ms. Haring's signatures, the three signatures are not Ms. Haring's signatures, and the three signatures were not witnessed.

22. The Note attached to the Proof of Claim names Small as Lender and there is no endorsement at the end of the Note. Therefore, it appears from the document annexed to the Proof of Claim that Small, if any entity, has the contract with Debtor to re-pay her loan.

23. The Mortgage attached to the Proof of Claim, represents an alleged lien on Debtor's property. It may well have created a lien on the property as collateral for a debt (the "Note"), but does not in and of itself create a debt. A Mortgage is transferred by assignment and there is no valid assignment attached to the Proof of Claim.

24. Even if you assume for the sake of argument that the assignment to MERS was valid, there is no assignment from MERS to Bank of NY Mellon or its predecessor(s).

25. To establish standing, the creditor needs to provide proof of all of the transfers and receipts from origination to the party alleging to be the creditor in this action, including the full contents of the Master Custodian File held by the Master Custodian of the Trust.

26. A federal court cannot have jurisdiction unless a party has Constitutional standing. To have standing, the creditor must show that it is the beneficiary of the Note, that the Note has been properly transferred with the Mortgage, or that appropriate agency authority has been issued from a party with the power to do so. The creditor in this case has failed to prove any of the above.

27. If the creditor filing the proof of claim is not the real party in interest, it must join the real party in interest pursuant to Federal Rules of Bankruptcy Procedure 7019. Joinder was not made.

28. The POC included several documents which purport to establish Bank of NY Mellon's secured claim. Debtor has carefully reviewed the documents filed by Bank of NY Mellon's representative in this case and has concerns about the integrity of those documents and the process utilized by Bank of NY Mellon and their representative in filing the POC.

29. Debtor is concerned that Bank of NY Mellon has not properly established that it is the owner of the mortgage and underlying note and seeks to examine a duly authorized representative(s) of Bank of NY Mellon to appear and give sworn testimony regarding the POC filed in this case and its ownership of the note and mortgage underlying the POC, including the purported transfer of ownership of the note and mortgage.

RESPECTFULLY SUBMITTED,

ELIZABETH H. COOMES