In the

United States Bankruptcy Court

For the Eastern District of Virginia

Alexandria Division

-------------------------------------------

In re: Elizabeth H. Coomes,   :   Case No: 17-13497-BFK
      Debtor   :   Chapter 13
         :

## OBJECTION TO PROOF OF CLAIM

COMES NOW the Debtor, in this her Objection to Nationstar's Proof of Claim. Neither Nationstar nor their agents or representatives had standing to file a proof of claim and the claim is erroneous. In support thereof, she states:

1. Debtor purchased the subject property located at 53 Leigh Court Basye, VA 22810 on August 22, 2004.

2. On October 16, 2017, Debtor filed a voluntary chapter 13 bankruptcy petition in the Eastern District of Virginia, Alexandria division: case no.17-13497-BFK. She listed Bank of NY Mellon as a disputed creditor.

3. Nationstar's agent filed a proof of claim in her bankruptcy case.

4. On July 10, 2018, defendant's bankruptcy case was dismissed with prejudice.

### The Mortgage Loan

5. The originator of the mortgage loan at issue is Lehman Brothers. On August 22, 2004, Debtor borrowed $171,000 from Lehman Brothers to purchase the property.

6. Lehman Brothers went into corporate bankruptcy in 2008 and rejected their executory contracts, including their contract with MERS.

7. The original lender purportedly assigned the note later.

8. Assignments by MERS in the absence of valid executory contractual authority are void. MERS admits this and there is authority on this question.

9. The original note is lost.

10. There has been a break in the chain of title and the assignment(s) relied upon are void. There is no documentation provided in the Proof of Claim proving a complete chain of title from Lehman Brothers to Nationstar.

11. The creditor must prove that it is the rightful owner and holder of both the Note and the Mortgage and has failed to meet this burden.

12. There was no writing filed with the Proof of Claim demonstrating the bank's interest in the property securing such claim in violation of B.R. 3001(c).

13. The Proof of Claim is signed by "Lawrence J. Buckley, as Creditor's Authorized agent" without providing any supporting documentation to suggest his authorization to do so, in violation of B.R. 3001(b) and the plain language instructions as printed on Official Form 10.

14. Nationstar alleges that it is the Trustee for the Certificateholders of a securitized Trust, Asset-Backed Certificates. However, Nationstar failed to attach to the Proof of Claim any documentation whatsoever proving that they became the Trustee in accordance with the terms of the Trust.

15. There are 3 banks/trusts claiming to own the note in question.

16. Nationstar is a stranger to the note because they do not possess the original note. Moreover, Nationstar and the substitute trustee rely upon 1) a void assignment by MERS

17. The Note attached to the Proof of Claim names Lehman Brothers as Lender and there is no endorsement at the end of the Note. Therefore, it appears from the document annexed to the Proof of Claim that Lehman Brothers, if any entity, has the contract with Debtor to re-pay her loan.

18. The Mortgage attached to the Proof of Claim, represents an alleged lien on Debtor's property. It may well have created a lien on the property as collateral for a debt (the "Note"), but does not in and of itself create a debt. A Mortgage is transferred by assignment and there is no valid assignment attached to the Proof of Claim.

19. To establish standing, the creditor needs to provide proof of all of the transfers and receipts from origination to the party alleging to be the creditor in this action, including the full contents of the Master Custodian File held by the Master Custodian of the Trust.

20. A federal court cannot have jurisdiction unless a party has Constitutional standing. To have standing, the creditor must show that it is the beneficiary of the Note, that the Note has been properly transferred with the Mortgage, or that appropriate agency authority has been issued from a party with the power to do so. The creditor in this case has failed to prove any of the above.

21. If the creditor filing the proof of claim is not the real party in interest, it must join the real party in interest pursuant to Federal Rules of Bankruptcy Procedure 7019. Joinder was not made.

22. The POC included several documents which purport to establish Nationstar's secured claim. Debtor has carefully reviewed the documents filed by Nationstar's representative in this case and has concerns about the integrity of those documents and the process utilized by Nationstar and their representative in filing the POC.

23. Debtor is concerned that Nationstar has not properly established that it is the owner of the mortgage and underlying note and seeks to examine a duly authorized representative(s) of Nationstar to appear and give sworn testimony regarding the POC filed in this case and its ownership of the note and mortgage underlying the POC, including the purported transfer of ownership of the note and mortgage.

24. Agents of Nationstar's precedessor unlawfully deprived Debtor of a loan modification, resulting in substantial legal fees and income loss.

25. Agents of Nationstar unlawfully took possession of the property in May 2017 and thereafter, causing damage, leaving it unsecured, and resulting in a burglary and substantial income loss. If Nationstar is a creditor, their proof of claim ought to be reduced under principles of equity.

RESPECTFULLY SUBMITTED,

*/s/ Elizabeth H. Coomes*

ELIZABETH H. COOMES